# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THEODORE KENDRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-2-1

Before OWEN, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Theodore Kendrick, federal prisoner # 04634-043, requests leave to proceed in forma pauperis (IFP) from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction pursuant to the Fair Sentencing Act (FSA) and Amendments 750 and 759 to U.S.S.G. § 2D1.1. By moving to proceed IFP, Kendrick challenges the district court's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

197, 202 (5th Cir. 1997). Kendrick has also moved for leave to file a supplemental brief discussing proposed statutory and guidelines amendments affecting the sentencing ranges for federal drug offenses. The motion to supplement is DENIED.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Citing U.S.S.G. § 1B1.10(b)(2)(B) and *United States v. Wren*, 706 F.3d 861 (7th Cir. 2013), Kendrick argues that, because he received a downward departure based on substantial assistance to the Government, the district court was able to further reduce his sentence even though his original sentence was lower than the statutory minimum term. Section 1B1.10(b)(2)(B), however, addresses the extent to which a district court may reduce a sentence under § 3582(c)(2). In this case, Amendments 750 and 759 and the FSA were already in effect at the time that Kendrick was sentenced. His base offense level at the time of sentencing was a 28, and it remained unchanged at the time he filed his § 3582(c)(2) motion. § 2D1.1(c)(6). Thus, the amendments on which Kendrick relies did not have the effect of lowering his applicable guidelines range, and the district court had no authority to reduce Kendrick's sentence under § 3582(c)(2). *See* § 1B1.10(a)(2)(B).

In light of the foregoing, Kendrick has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his

No. 13-60784

§ 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.